```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MID-ATLANTIC CONSTRUCTORS       :
INC.,                           :       CIVIL ACTION
                                :       NO. 03-6125
        Plaintiff,              :
                                :
    v.                          :
                                :
STONE & WEBSTER CONSTRUCTION,   :
INC.,                           :
                                :
        Defendant.              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              November 3, 2005

Before the Court are plaintiffs' and defendant's cross motions for summary judgment as to certain claims in this breach of contract action. The Court held a hearing on October 5, 2005, where the parties argued their motions. For the reasons set forth below, defendant's motion for summary judgment is granted in part and denied in part and plaintiffs' motion for summary judgment is denied.

I.   BACKGROUND

The plaintiff, Mid-Atlantic Constructors, Inc. ("Mid-Atlantic"), brings a diversity action under 28 U.S.C. § 1332 against defendant Stone & Webster Construction, Inc. ("Stone & Webster") based on a subcontract that was entered into between the two parties. The subcontract required Mid-Atlantic to set certain equipment and install certain off rack piping and

prefabricated pipe racks in connection with the construction of a combined cycle power plant in Marcus Hook, PA (the "Project"). Mid-Atlantic alleges that Stone & Webster caused delays and accelerated conditions and inefficiencies in connection with Mid-Atlantic's performance of its duties, thereby causing Mid-Atlantic to incur substantial cost increases and delays.  Mid-Atlantic further alleges that Stone & Webster terminated Mid-Atlantic in bad faith and without justification.  The Complaint brings claims of breach of contract, unjust enrichment, quantum meruit and violation of the Pennsylvania Contractor and Subcontractor Payment Act ("PCSPA"), 73 P.S. § 501 et seq..

On January 26, 2004, defendant Stone & Webster filed a Third-Party Complaint against HSI General Contractors, Inc., Frank W. Hake, Inc., and the Hake Group, Inc. alleging breach of contract, common law indemnification and contractual indemnification.  Essentially, the Third-Party Complaint alleges that the third party defendants' own actions caused delays in the Project.

On March 9, 2004, upon motion by Stone & Webster, Chief Judge Giles entered an order consolidating two other related cases with the instant case.  The two related cases are Frank W. Hake, Inc. v. Stone & Webster, 03-6964 and HSI General Contractors, Inc. v. Stone & Webster, 03-6966, which are now proceeding under 03-6125.  The plaintiffs in 03-6964 and 03-6966,

2

Frank W. Hake, Inc. and HSI General Contractors, Inc., respectively, and the plaintiff in 03-6125, Mid-Atlantic, are an amalgamated organization of sister companies known as the Hake Group, and upon information and belief by Stone & Webster, share common ownership, common officers and directors, common management and a common office.  The Complaint and responsive pleadings in all three cases are virtually identical.

II.  ANALYSIS

    A.   Summary Judgment Standard.

A court may grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is "material" only if its existence or non-existence would affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  An issue of fact is "genuine" only when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. Id.  In determining whether there exist genuine issues of material fact, all inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party. Coregis Ins. Co.

v. Baratta & Fenerty, Ltd., 264 F.3d 302, 305-06 (3d Cir. 2001) (citing Anderson, 477 U.S. at 248).

### B. Summary Judgment is Granted as to Counts II and III of Plaintiffs' Complaint.

Stone & Webster argues that plaintiffs' unjust enrichment and quantum meruit claims must fail as a matter of law because of the existence of an express contract. This Court agrees. In ILM Systems, Inc. v. Suffolk Construction Co., Inc., 252 F. Supp. 2d 151, 162 (E.D. Pa. 2002), the court held that plaintiff's unjust enrichment claims were defeated by the existence of the Subcontract, which governed the measure of recovery for damages caused by changes in work. Moreover, the court held that "under Pennsylvania law, 'where an express contract governs the relationship of the parties, a party's recovery is limited to the measure provided by the express contract; and where the contract fixes the value of services involved, there can be no recovery under a quantum meruit theory.'" Id. (quoting Constar, Inc. v. Nat'l Distribution Ctr., Inc., 101 F. Supp. 2d 319, 324 (E.D. Pa. 2000)).

Mid-Atlantic responds that the contracts may be voidable because of misrepresentations by Stone & Webster at the time of contracting that Stone & Webster was in privity with the owner, thereby giving Mid-Atlantic rights to a mechanic's lien on the property. See Mem. of Law in Opp'n to Mot. for Summ. J. by Stone & Webster at 39. The court in Shulman v. Continental Bank,

4

513 F. Supp. 979, 985 (E.D. Pa. 1981), allowed the plaintiff's unjust enrichment claim despite the existence of an express agreement because there was a material factual dispute regarding the nature of the contract and whether there was a meeting of the minds as to its terms. Here, Mid-Atlantic filed suit for breach of contract and Stone & Webster has not raised as a defense that the contract is voidable. Unlike Shulman, there is no material factual dispute regarding the nature of the contract or whether there was a meeting of the minds.[1] Therefore, the parties' fate rises and falls within the four corners of the agreement. Stone & Webster is entitled to summary judgment as to Counts II (unjust enrichment) and III (quantum meruit) of Mid-Atlantic's Complaint.

### C. Plaintiffs' Use of the Total Cost Method Is Not a Basis for Summary Judgment as to the Entire Complaint.

Stone & Webster seeks judgment as a matter of law as to Count I (breach of contract) of Mid-Atlantic's Complaint, dismissal of which would effectively end the entire litigation. Stone & Webster argues that Mid-Atlantic's entire claim must fail because (1) the total cost method used to calculate plaintiffs' damages is invalid in Pennsylvania and (2) it does not account

---

[1] The claim that the contract may be voidable is not in Mid-Atlantic's Complaint, but rather was mentioned in plaintiffs' brief in opposition to the defendant's summary judgment motion. See Mem. of Law in Opp'n to Mot. for Summ. J. by Stone & Webster at 39-40. Moreover, that brief mentions that the issue is currently on appeal in Delaware County Court of Common Pleas, but does not elaborate.

for the delays and productivity losses caused by Mid-Atlantic. As evidence of Mid-Atlantic's role in some of the delay and lost productivity, Stone & Webster cites to deposition testimony of several Mid-Atlantic employees who admitted that Mid-Atlantic could have done more to increase productivity.

Mid-Atlantic responds that it can and will justify its use of the total cost method at trial. Moreover, plaintiffs note that the damages sought do not include delays for which Mid-Atlantic is responsible. There are delays for which Stone & Webster is directly responsible, plaintiffs argue, and they cite their expert reports as evidence.

There is a genuine issue of material fact as to whether the total cost method applies and whether damages from delay are due, therefore summary judgment is not warranted based on this argument. In fact, this Court has held that "[o]bjections as to the reasonableness of this approach [the total cost method] and the existence of the necessary elements for costing damages in this manner are questions of fact." Aetna Cas. & Surety Co. v. George Hyman Constr. Co., No. 93-4750, 1998 U.S. Dist. LEXIS 22627, at *255-56 (E.D. Pa. May 15, 1998) (adopting special master's findings of fact and conclusions of law as to a construction contract dispute).

1. The Total Cost Method.

The total cost method is viable in Pennsylvania and can

be used as a measure of damages.  Although the Court in <u>Aetna</u> noted that the total cost method has been described as a measure of last resort, it also noted that "the use of the modified total cost method has been approved by the Third Circuit."  <u>Aetna</u>, 1998 U.S. Dist. LEXIS 22627, at *254 (citing <u>Servidone Constr. Corp. v. United States</u>, 931 F.2d 860, 862 (Fed. Cir. 1991)); <u>id.</u> at *253 (citing <u>E.C. Ernst, Inc. v. Coppers Co., Inc.</u>, 626 F.2d 324 (3d Cir. 1980)).  Plaintiffs must satisfy the following four elements to show that the total cost method should be used: (1) the nature of the losses at issue make it impossible or impracticable to determine damages to a reasonable degree of accuracy by any other method; (2) plaintiffs' bid for the work was realistic; (3) plaintiffs' actual costs for the project are reasonable; and (4) plaintiffs were not responsible for the added costs of the project.  <u>See id.</u> at *256 (citing <u>John F. Harkins v. Sch. Dist. of Phila.</u>, 460 A.2d 260 (Pa. Super. 1983)).  Each of these elements involves factual issues, which warrants denial of defendant Stone & Webster's summary judgment motion as to Count I (breach of contract) of plaintiffs' Complaint.[2]

---

[2] At the summary judgment hearing, the Court mentioned the possibility of a <u>Daubert</u> hearing as to the applicability of the total cost method based on the plaintiffs' expert report.  <u>See</u> Summ. J. Hr'g Tr. at 10-15.  That issue, however, was not presented anywhere in the defendant's summary judgment briefs nor was it explored at any length during the hearing.  Moreover, as <u>Aetna</u> makes clear, whether the total cost method should be used is an issue of fact.  <u>See Aetna</u>, 1998 U.S. Dist. LEXIS 22627, at *255-56.  That material fact is in dispute, which is enough to

2. Mid-Atlantic's Alleged Failure to Account for its Own Damages.

Stone & Webster claims that Mid-Atlantic uses the total cost method because it cannot isolate the causes of the breach and that plaintiffs' entire claim also must fail under Lichter v. Mellon-Stuart Co., 305 F.2d 216 (3d Cir. 1962). Lichter involved a subcontractor's claim for damages following a delay in the construction schedule through no fault of its own. The subcontractor identified its damages in one large lump sum, without allocating which damages were the result of the delay-- and therefore of defendant's breach--and which were not. The court was unable to allocate damages properly and rejected the subcontractor's entire claim related to the masonry portion of the subcontract. The court did, however, allow another of the subcontractor's claims because there was enough evidence upon which the court could allocate damages properly. It is also important to note that Lichter was decided after trial, where the court had full use of the evidence presented in support of the total cost method upon which to reject plaintiff's claim. See Summ. J. Hr'g Tr. at 9.

D. There Are Genuine Issues of Material Fact as to the Remaining Arguments for Summary Judgment.

In addition to the reasons addressed above, defendant

---

survive a motion for summary judgment.

Stone & Webster also seeks summary judgment based upon the following claims. First, they argue that plaintiffs' claim is barred by the language of Article 4.7 of the subcontract, which states that "concurrent delays" will not be compensable to either party and damages will be abrogated. Second, they argue that Article 4.9 of the Subcontract and the language of nine change orders entered during construction expressly releases the company from a claim for damages from the "cascading effect" of changes. Third, Stone & Webster points to release language in Change Order 23 as it specifically relates to the FW Hake claim. Fourth, Stone & Webster claims that the Pennsylvania Contractor and Subcontractor Payment Act ("PCSPA"), 73 Penn. Stat. § 501, does not apply to damages caused by delay or lost productivity, which are the subject of the Complaint. Fifth, Stone & Webster refers to the Contractor Controlled Insurance Program ("CCIP") as a basis for summary judgment as to defendant's own breach of contract counterclaim for credits owed by plaintiffs under the CCIP. As to each of these bases upon which summary judgment is sought by Stone & Webster, there are genuine issues of material fact. Therefore summary judgment will be denied.

Mid-Atlantic also moves for summary judgment based upon the following arguments. First, Mid-Atlantic argues that Stone & Webster's alter-ego claims should be dismissed because the stated cause of action is not recognized in Pennsylvania and the

defendant has not met the extraordinary burden of proof required to pierce the corporate veil.  Second, Mid-Atlantic argues that Stone & Webster's breach of contract action should fail as defendant has not incurred any damages because Stone & Webster will be reimbursed for overruns by the project owner.  Third, Mid-Atlantic argues that the default termination by Stone & Webster should be converted into termination for cause.  As to each of the bases upon which summary judgment is sought by Mid-Atlantic, there are genuine issues of material fact.  Therefore summary judgment will be denied.

III. CONCLUSION

   Stone & Webster's motion for summary judgment will be granted in part as to Counts II (quantum meruit) and III (unjust enrichment) of Mid-Atlantic's Complaint.  Stone & Webster's motion for summary judgment will be denied as to all remaining issues.  Mid-Atlantic's motion for summary judgment will be denied.

   An appropriate order follows.

```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MID-ATLANTIC CONSTRUCTORS        :
INC.,                            :       CIVIL ACTION
                                 :       NO. 03-6125
        Plaintiff,               :
                                 :
    v.                           :
                                 :
STONE & WEBSTER CONSTRUCTION,    :
INC.,                            :
                                 :
        Defendant.                :
```

### ORDER

**AND NOW** this **3rd** day of **November, 2005,** it is hereby **ORDERED** that Stone & Webster's Motion for Summary Judgment (doc. no. 66) is **GRANTED IN PART** as to **counts II** (quantum meruit) **and III** (unjust enrichment) of Mid-Atlantic's complaint and **DENIED IN PART** as to all **remaining issues.**

**IT IS FURTHER ORDERED** that Mid-Atlantic's Motion for Summary Judgment (doc. no. 68) is **DENIED.**

**AND IT IS SO ORDERED.**

                                                  _____

                                                  **EDUARDO C. ROBRENO, J.**

11