```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MID-ATLANTIC CONSTRUCTORS    :
INC.,                        :   CIVIL ACTION
                             :   NO. 03-6125
        Plaintiff,           :
                             :
    v.                       :
                             :
STONE & WEBSTER CONSTRUCTION,:
INC.,                        :
                             :
        Defendant.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          November 3, 2005

Before the Court is a motion for sanctions filed by the plaintiff Mid-Atlantic Constructors ("Mid-Atlantic") after the defendant Stone & Webster Construction ("Stone & Webster") filed a subpoena on a third-party past the discovery deadline and without prior notice to the plaintiff. For the reasons set forth below, the motion for sanctions is granted and plaintiffs shall be awarded attorneys fees for the prosecution of this motion, the exact amount of which will be determined at the conclusion of this litigation.

I.   BACKGROUND

Mid-Atlantic brings a diversity action under 28 U.S.C. § 1332 against defendant Stone & Webster Construction, Inc. ("Stone & Webster") based on a subcontract that was entered into between the two parties. The subcontract required Mid-Atlantic

to set certain equipment and install certain off rack piping and prefabricated pipe racks in connection with the construction of a combined cycle power plant in Marcus Hook, PA (the "Project"). Mid-Atlantic alleges that Stone & Webster caused delays and accelerated conditions and inefficiencies in connection with Mid-Atlantic's performance of its duties, thereby causing Mid-Atlantic to incur substantial cost increases and delays.  Mid-Atlantic further alleges that Stone & Webster terminated Mid-Atlantic in bad faith and without justification.   The Complaint brings claims of breach of contract, unjust enrichment, quantum meruit and violation of the Pennsylvania Contractor and Subcontractor Payment Act ("PCSPA"), 73 P.S. § 501 et seq..

On January 26, 2004, defendant Stone & Webster filed a Third-Party Complaint against HSI General Contractors, Inc., Frank W. Hake, Inc., and the Hake Group, Inc. alleging breach of contract, common law indemnification and contractual indemnification.  Essentially, the Third-Party Complaint alleges that the third party defendants' own actions caused delays in the Project.

Two related cases have been consolidated with the instant case.  They are Frank W. Hake, Inc. v. Stone & Webster, 03-6964 and HSI General Contractors, Inc. v. Stone & Webster, 03-6966, which are now proceeding under 03-6125.  The plaintiffs Frank W. Hake, Inc., HSI General Contractors, Inc. and Mid-

Atlantic, are an amalgamated organization of sister companies known as the Hake Group. The Complaint and responsive pleadings in all three cases are virtually identical.

II.  DISCUSSION

Mid-Atlantic filed a motion to sanction Stone & Webster (doc. no. 93) for serving a non-party a subpoena in contravention of the Federal Rules of Civil Procedure (doc. no. 87; filed 4/20/05). The non-party served was Nooter Construction, the replacement subcontractor hired to complete construction after Mid-Atlantic's subcontract was terminated. Mid-Atlantic accuses Stone & Webster of serving the subpoena past the deadline for discovery, without prior notice to the plaintiffs and without the Court's permission. Mid-Atlantic requests 1) withdrawal of the subpoena and return of the documents; 2) that the Court preclude Stone & Webster from serving the subpoena until the Court rules on the motion for leave; 3) an admonition that Stone & Webster shall be precluded from using any information obtained from the subpoena without providing notice to Mid-Atlantic; and 4) attorneys fees incurred in litigating this motion for sanctions.

Stone & Webster responds that it merely sent Nooter a "proposed" subpoena pending order of this Court on the motion for leave to allow Nooter to prepare to respond to this Court's likely grant of that leave. See Mem. in Opp'n to Mot. for

Sanctions (doc. no. 92). Moreover, Stone & Webster states that Nooter voluntarily agreed to produce certain documents. The documents from Nooter were sent to IKON copying service (except for a CD of photographs) and are being held by IKON until this Court rules on the motion for leave to serve the subpoena or the subsequent motion for leave to receive those documents (doc. no. 92; filed 8/29/05). Stone & Webster also argues that plaintiffs were offered an opportunity to copy the documents. The proposed sanctions, they argue, are harsh and a waste of judicial resources.

This Court stated in Spencer v. Steinman, No. 96-1792, 1999 U.S. Dist. LEXIS 23387, at *2 (E.D. Pa. Mar. 1, 1999), that:

> The United States District Court for the Eastern District of Pennsylvania has the inherent authority to insure that a party is not deprived of the protection of receiving notice of the issuance of a subpoena duces tecum to a non-party, afforded by the Federal Rules of Civil Procedure, and to protect the integrity of the judicial system and safeguard it against potential abuse.

There, the Court had initially ordered monetary and non-monetary sanctions for an attorney who served subpoenas without giving notice as required under Federal Rule of Civil Procedure 45. The court relied on its inherent powers to order the sanctions after finding that Rule 11 did not apply, as the subpoena had been served for a proper purpose (i.e. "obtaining evidence discoverable under Rule 26(b)"). See id. (Rule 11 allows

4

sanctions for an improper purpose). Upon reconsideration, the Court vacated the monetary sanction because the attorney had not acted in bad faith, but rather negligently, in not ensuring that the paralegal complied with the notice requirements. Mid-Atlantic cites Spencer in support of its request for monetary sanctions, inferring bad faith by Stone & Webster.

Although Stone & Webster characterizes the subpoena as a "courtesy" and merely "proposed" until further order of the Court, the manner in which Stone & Webster sought the discovery violated several rules of civil procedure. First, there is no authority under Rule 45(a) for serving a non-party with a "proposed" subpoena. Second, Rule 45(b) governs service of subpoenas and clearly requires prior notice to opposing counsel. Third, Rule 16 requires compliance with scheduling orders.

Additionally, the justification for serving the subpoena offered by Stone & Webster has no merit. Had Stone & Webster wanted to serve a "proposed" subpoena, there was no reason why it could not have given Mid-Atlantic notice of the "proposed" subpoena while it awaited the Court's decision on the extension of discovery.[1]

---

[1] Stone & Webster states in its Motion for Leave to Receive Documents Produced by Nooter Construction Company (doc. no. 92), at ¶ 4, that "Stone & Webster left a message with opposing counsel seeking their consent to Stone & Webster's service of subpoena upon Nooter" and that "[n]o response was received." A phone message to ask permission is not notice as provided in

Based on the aforesaid, the Court finds that Stone & Webster's actions violated Rules 45(a), 45(b) and 16. Additionally, the Court finds that Stone & Webster's conduct was not inadvertent or negligent, but rather was intentional and undertaken in bad faith.  See Spencer, 1999 U.S. Dist. LEXIS 23387, at *2 (finding that monetary sanctions are warranted upon a finding of bad faith).

Sanctions must, of course, be proportionate to the violation.  Here, no prejudice will ensue to Mid-Atlantic provided that the documents at issue are promptly turned over to Mid-Atlantic.  Yet, deterring future conduct demands that the parties be put in the same position they would have been in but for Stone & Webster's violation.  To vindicate this important policy objective, under the Court's inherent powers and Rule 16(f), attorneys fees and costs are awarded to Mid-Atlantic for the prosecution of the motion for sanctions.  The exact amount of attorneys fees and costs due Mid-Atlantic shall be determined at the conclusion of this litigation.

III. CONCLUSION

Mid-Atlantic's motion for sanctions is granted. Attorneys fees and costs are awarded as Stone & Webster acted in

---

Rules 45(b) (requiring notice) or Rule 5(b) (setting forth the procedures for service).

bad faith by serving a subpoena on a non-party past the discovery deadline and without prior notice to opposing counsel.

An appropriate order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MID-ATLANTIC CONSTRUCTORS    :
INC.,                        :    CIVIL ACTION
                             :    NO. 03-6125
         Plaintiff,          :
                             :
     v.                      :
                             :
STONE & WEBSTER CONSTRUCTION,:
INC.,                        :
                             :
         Defendant.          :
```

## ORDER

**AND NOW** this **3rd** day of **November, 2005,** it is hereby **ORDERED** that Mid-Atlantic's Motion for Sanctions (doc. no. 93) is **GRANTED**. Mid-Atlantic shall be awarded attorney's fees for the prosecution of this motion, the exact amount of which will be determined at the conclusion of this litigation.

**IT IS FURTHER ORDERED** that Stone & Webster's Motion for Leave to Receive Documents Produced by Nooter Construction Company (doc. no. 92) is **GRANTED** and a copy of all documents produced by Nooter Construction Company shall be delivered to Mid-Atlantic.

**AND IT IS SO ORDERED.**

---

**EDUARDO C. ROBRENO, J.**